DONNA D. DOMONKOS
BRITTANY THORPE
Domonkos & Thorpe, LLC
1914 Logan Avenue
Cheyenne, Wyoming 82001
Telephone: (307) 426-5015
donna@dandt.llc
Brittany@dandt.llc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING
### Docket Number: _____

| | |
|---|---|
| GREEN ROOM LLC, JB DEVELOPMENT, INC. d/b/a | ) |
| POLYXTRACTS, CIND'S CBD AND VAPE, LLC, | ) |
| MOUNTAIN HIGH WELLNESS LLC, | ) |
| UP N SMOKE II LLC d/b/a UP N SMOKE II, | ) |
| GREYBULL RIVER FARMS, LLC, | ) |
| DR. CHRONICS CONCENTRATES LLC d/b/a | ) |
| DR. CHRONICS CONCENTRATES & VAPES | ) |
| CAPITOL ENTERPRISES LLC d/b/a CAPITOL BOTANICALS, | ) |
| FLOWER CASTLE ELEVATED WELLNESS, LLC | ) |
| PLATTE ENTERPRISES, LLC d/b/a PLATTE HEMP COMPANY, LLC, | ) |
| AND MANDY FLINT, | ) |
| | ) |
|           Plaintiffs, | ) |
| | ) |
|   vs. | ) |
| | ) |
| STATE OF WYOMING, GOVERNOR MARK GORDON, | ) |
|  in his official capacity, ATTORNEY GENERAL BRIDGET HILL, | ) |
| in her official capacity, WYOMING DEPARTMENT OF | ) |
| AGRICULTURE DIRECTOR DOUG MIYAMOTO, | ) |
| in his official capacity, EDWARD KURT BRITZIUS, MARCIA BEAN, | ) |
| NATHAN HENKES, SARAH HARKINS, | ) |
| QUENTIN RICHARDSON, JOSEPH M. BARON, PATRICK LEBRUN, | ) |
| ERIC BOYER, JILL LOGAN, TUCKER J. RUBY, SPENCER ALLRED, | ) |
| ANNE WASSERBURGER, BRIAN SKORIC, | ) |
| DOUGLAS W. WEAVER, DIANNA BENNETT, | ) |
| CLAYTON MELINKOVICH, DANIEL ERRAMOUSPE, | ) |
| ERIN WEISMAN, LORETTA RAE HOWIESON, | ) |
| ANTHONY BARTON, MICHAEL STULKEN, | ) |
| COUNTY AND PROSECUTING ATTORNEYS, | ) |
| in their official capacity, SYLVIA MILLER HACKL, | ) |
| LARAMIE COUNTY DISTRICT ATTORNEY, in her official capacity, | ) |
| DAN ITZEN, NATRONA COUNTY DISTRICT ATTORNEY, | ) |
| in his official capacity, | ) |
| | ) |
|        Defendants. | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CHALLENGING THE CONSTITUTIONALITY OF STATE STATUTE

Plaintiffs, Green Room LLC, JB Development, Inc. d/b/a Polyxtracts, CinD's CBD and Vapor, LLC, Mountain High Wellness, LLC, Up N Smoke II, LLC, d/b/a Up N Smoke II, GreyBull River Farms, LLC, Dr. Chronics Concentrates LLC d/b/a Dr. Chronics Concentrates & Vapes, Capitol Enterprises, LLC d/b/a Capitol Botanicals, Flower Castle Elevated Wellness, LLC, Platte Enterprises, LLC d/b/a Platte Hemp Company, LLC, and Amanda (Mandy) Flint (collectively, "Plaintiffs"), for their complaint against Defendants, State of Wyoming, Governor Mark Gordon, in his official capacity, Attorney General Bridget Hill, in her official capacity, Wyoming Department of Agriculture Director Doug Miyamoto, in his official capacity, Edward Kurt Britzius, Marcia Bean, Nathan Henkes, Sarah Harkins, Quentin Richardson, Joseph M. Baron, Patrick LeBrun, Eric Boyer, Jill Logan, Tucker J. Ruby, Spencer Allred, Anne Wasserburger, Brian Skoric, Douglas W. Weaver, Dianna Bennett, Clayton Melinkovich, Daniel Erramouspe, Erin Weisman, Loretta Rae Howieson, Anthony Barton, Michael Stulken, County and Prosecuting Attorneys in their official capacity, Sylvia Miller Hackl, Laramie County District Attorney, Dan Itzen, Natrona County District Attorney,  state as follows:

### INTRODUCTORY STATEMENT

1.      This is a lawsuit challenging Senate File 0032 ("SEA 24") of the 67th General Assembly of Wyoming, which attempts to recriminalize certain hemp-derived cannabinoid products and obstruct the shipment and transportation of the same, in direct conflict with well-established federal laws encouraging the redevelopment of a domestic supply chain of hemp and hemp products in Wyoming and across the country. SEA 24 creates insurmountable confusion around criminal liability and destroys the mere act of processing hemp into consumable products.

2.      The Plaintiffs in this case cultivate, wholesale, distribute, and retail hemp plants and hemp-derived products in and out of Wyoming who, until July 1, 2024, had benefitted for several years from operating within a legal market through a supply chain of thousands of farmers, processors, wholesalers, and retail shops throughout Wyoming and the rest of the country. These Wyoming businesses will suffer immediate, irreparable financial harm, and many will be forced to close and/or lay off employees.

3.      On December 20, 2018, President Donald Trump signed into law the Agriculture Improvement Act of 2018, Pub. L. 115-334 (the "2018 Farm Bill"). The 2018 Farm Bill established a framework for the domestic supply chain of hemp and hemp products in three important ways. First, it permanently decoupled hemp from marijuana under the Controlled Substances Act and exempted hemp-derived delta-9 tetrahydrocannabinol (delta-9 THC) from its definition. Second, it deliberately expanded the definition of "hemp" to include "all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis." 7 U.S.C. § 16390(1). Third, it expressly prohibited individual states from interfering with the transportation and shipment of hemp and hemp products through interstate commerce.

4.      In general, as courts throughout the country have affirmed, the only relevant statutory metric in analyzing whether a product is to be considered hemp or marijuana under the 2018 Farm Bill is the concentration of Delta-9 THC on a dry weight basis. If the product has 0.3 percent Delta-9 THC or less on a dry weight basis, then it is hemp. If the product contains more than 0.3 percent Delta-9 THC, it is marijuana.

5.      The 2018 Farm Bill's re-establishment of a domestic supply chain of hemp and hemp products has led to a robust hemp-derived cannabinoid market in Wyoming and across the

country (*See* Act 116 of the 64th Legislature of the State of Wyoming, creating a framework for the research, growth, and sale of industrial hemp in Wyoming; Act 110 of the 65th Legislature of the State of Wyoming removing a broad definition of hemp from the State's controlled substances, as well as changes opening the hemp market for non-research, commercial purposes).

6.      The existing hemp-derived cannabinoid market that farmers, small business owners, and consumers have built and relied on over the last five years would be eliminated under SEA 24 because the new law impermissibly narrows the definition of hemp to recriminalize the possession, manufacturing, transportation, and shipment of certain popular hemp-derived cannabinoid products. This would lead to thousands of lost jobs around the state and turn farmers, business owners, and consumers - including Plaintiffs - into criminals overnight, despite

### JURISDICTION AND VENUE

7.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

9.      Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201, 2202.

10.     This action is also brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

### THE PARTIES

11. Green Room, LLC
    235 W 1st St,
    Casper, WY 82601

12. JB Development, Inc. d/b/a Polyxtracts
    1713 E Yellowstone Hwy,

4

Casper, WY 82601

13. CinD's CBD and Vapor, LLC,
    302 E Valley Rd,
    Torrington, WY 82240

14. Mountain High Wellness, LLC
    604 S. Douglas Hwy
    Gillette, WY 82716

15. Up N Smoke II, LLC, d/b/a Up N Smoke II,
    1708 Grand Ave.
    Laramie, WY 80270

16. GreyBull River Farms, LLC
    PO Box 22
    Greybull, Wyoming 82426

17. Flower Castle Elevated Wellness, LLC,
    621 W Lincoln Way
    Cheyenne, WY 2001

18. Chronics Concentrates LLC d/b/a Dr. Chronics Concentrates & Vapes,
    4430 E Yellowstone Hwy.
    Casper, WY 82636

19. Capitol Enterprises, LLC d/b/a Capitol Botanicals,
    1934 Sheridan Ave.
    Cody, WY 82414

20. Platte Enterprises, LLC d/b/a Platte Hemp Company, LLC
    134 E. Midwest Ave.
    Casper, WY 82601

21. Amanda (Mandy) Flint
    PO Box 21
    Fort Bridger, Wyoming 82933

22. All Plaintiffs are Wyoming wholesalers, retailers or manufacturers of hemp products
    who wish to distribute and sell hemp products in and outside of Wyoming that have
    been declared legal under federal law.

23. Governor Mark Gordon
    Wyoming Attorney General's Office
    109 State Capitol
    Cheyenne, WY 82002

24. Attorney General Bridget Hill
    Wyoming Attorney General's Office
    109 State Capitol
    Cheyenne, WY 82002

25. Doug Miyamoto
    Wyoming Department of Agriculture Director
    109 State Capitol
    Cheyenne, WY 82002

26. Edward Kurt Britzius
    Albany County Attorney's Office
    525 Grand Avenue, Suite 100
    Laramie, WY 82070

27. Marcia Bean
    420 West C Street bsmt.
    Basin, WY 82410

28. Nathan Henkes
    500 S. Gillete Ave. Suite B200
    Gillette, WY 82716

29. Sarah Harkins
    415 West Pine Street, Suite 400
    Rawlins, WY 82301

30. Quentin Richardson
    107 North 5th Street, Suite 140
    Glenrock, WY 82633

31. Joseph M. Baron
    309 East Cleveland Street
    Sundance, WY 82729

32. Patrick LeBrun
    Fremont County Attorney's Office
    1160 Major Avenue, Suite 300
    Riverton, WY 82501

33. Eric Boyer
    Goshen County Attorney's Office
    2125 East A Street
    Torrington, WY 82240

34. Jill Logan
    Hot Springs County Attorney's Office
    415 Arapahoe Street
    Thermopolis, WY 82443

35. Tucker J. Ruby
    Johnson County Attorney's Office
    620 West Fetterman Street, Suite 168
    Buffalo, WY 82834

36. Spencer Allred
    Lincoln County Attorney's Office
    421 Jefferson Street, Suite 201
    Afton, WY 83110

37. Anne Wasserburger
    112 South Main Street
    Lusk, WY 82225

38. Brian Skoric
    Park County Attorney's Office
    1002 Sheridan Avenue
    Cody, WY 82414

39. Douglas W. Weaver
    604 10th Street
    Wheatland, WY 82201

40. Dianna Bennett
    Sheridan County Attorney's Office
    148 South Brooks Street
    Sheridan, WY 82801

41. Clayton Melinkovich
    43 East Pine Street
    Pinedale, WY 82941

42. Daniel Erramouspe
    Sweetwater County Attorney's Office
    50140C US Highway 191 South, Suite 400
    Rock Springs, WY 82901

43. Erin Weisman
    180 South King Street
    Jackson, WY 83001

44. Loretta Rae Howieson Kallas
    225 9th Street
    Evanston, WY 82931

45. Anthony Barton
    Washakie County Attorney's Office
    1001 Big Horn Avenue, Suite 108
    Worland, WY 82401

46. Michael Stulken
    204 West Main Street
    Newcastle, WY 82701

47. Sylvia Miller Hackl
    Laramie County District Attorney's Office
    310 West 19th Street, Suite 200
    Cheyenne, WY 82001

48. Dan Itzen
    Natrona County District Attorney
    201 North David Street, 4th Floor
    Casper, WY 82601

### FACTS COMMON TO ALL COUNTS

49. On February 7, 2014, President Barack Obama signed into law the Agricultural Act of 2014, Pub. L. No. 113-79 (the "2014 Farm Bill"). The 2014 Farm Bill provided that, "[n]otwithstanding the Controlled Substances Act . . . or any other Federal law, an institution of higher education . . . or a State department of agriculture may grow or cultivate industrial hemp," provided it is done "for purposes of research conducted under an agricultural pilot program or other agricultural or academic research" and those activities are allowed under the relevant state's laws. 7 U.S.C. § 5940(a).

50. The 2014 Farm bill defines "industrial hemp" as the "plant Cannabis sativa L. and *any part of such plant, whether growing or not*, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis." 7 U.S.C. § 5940(a)(2). (emphasis added).

8

51.     The 2014 Farm Bill defines an "agricultural pilot program" as a "pilot program to study the growth, cultivation, or marketing of industrial hemp … in States that permit the growth or cultivation of industrial hemp under the laws of the state in a manner that[:] ensures that only institutions of higher education and State departments of agriculture are used to grow or cultivate industrial hemp; requires that sites used for growing or cultivating industrial hemp in a State be certified by, and registered with, the State department of agriculture; and authorizes State departments of agriculture to promulgate regulations to carry out the pilot program in the States in accordance with the purposes of [Section 7606 of the 2014 Farm Bill]."  7 U.S.C. § 5940(a)(2).

52.     By defining industrial hemp as "plant Cannabis sativa L. ***and any part of such plant whether growing or not***" (emphasis added), the 2014 Farm Bill made all parts of hemp plants legal.  The 2014 Farm Bill made the federal government's intentions clear: hemp below a certain level of Delta-9 THC is to be treated as an agricultural commodity once again in the United States.

53.     In response to the 2014 Farm Bill, Wyoming passed Act 116 in 2017 ("Act 116"). Act 116 authorized industrial hemp farming, provided for hemp farming for research purposes, and provided licensing requirements for hemp production. As such, Act 116 permitted the state to adopt rules to administer an industrial hemp research program and to license persons to grow industrial hemp for research in Wyoming.

54.     Wyoming agreed with the 2014 Farm Bill's intent to treat hemp as a legal agricultural commodity, as Act 110 in 2019 ("Act 110") permanently removed industrial hemp from the state's definition of "marijuana" and created an exemption for "hemp" and "hemp products" under the state's Controlled Substances Act at Wyoming Statute § 35-7-1063(a).

55.     On December 20, 2018, President Donald Trump signed into law the Agriculture

Improvement Act of 2018, Pub. L. 115-334 (the "2018 Farm Bill"), which expanded the 2014

Farm Bill pilot programs.

56.     The 2018 Farm Bill officially marked the end of the hemp prohibition era by

permanently removing hemp from the Controlled Substances Act and naming the United States

Department of Agriculture ("USDA") the sole federal regulator of hemp production, leaving no

claim of jurisdiction to the Drug Enforcement Agency ("DEA").

57.     The 2018 Farm Bill expanded an already broad definition of hemp under the 2014

Farm Bill to include the "plant Cannabis sativa L. and any part of that plant, including the seeds

thereof *and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers,*

whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3

percent on a dry weight basis."  7 U.S.C.A. § 1639(1) (emphasis added).  Thus, the 2018 Farm

Bill reiterates what has been known since 2014—that the term "hemp" includes all products

derived from hemp and that all such products are legal, so long as the delta-9 THC concentration

is not more than 0.3%.

58.     Although the plain reading of the 2018 Farm Bill is unambiguous, the legislative

history provides further evidence Congress intended to preclude states from adopting a more

restrictive definition of hemp: "state and Tribal governments are authorized to put more

restrictive parameters on the production of hemp, but *are not authorized to alter the definition*

*of hemp* or put in place policies that are less restrictive."  Conference Report for Agricultural

Improvement Act of 2018, p. 738 (emphases added).

59.     The 2018 Farm Bill requires the USDA to issue regulations and guidelines to

implement the relevant hemp portions of the 2018 Farm Bill. 7 U.S.C. § 1639r(a)(1)(A).

60.     Significantly, the 2018 Farm Bill prohibits states from blocking the transportation or shipment of hemp and hemp products produced in accordance with the 2014 and 2018 Farm Bill:

SEC. 10114. INTERSTATE COMMERCE.

(a) Rule of Construction. Nothing in this title or an amendment made by this title prohibits the interstate commerce of hemp (as defined in section 297A of the Agricultural Marketing Act of 1946 (as added by section 10113)) or hemp products.
(b) Transportation of Hemp and Hemp Products. No State or Indian Tribe shall prohibit the transportation or shipment of hemp or hemp products produced in accordance with subtitle G of the Agricultural Marketing Act of 1946 (as added by section 10113) through the State or the territory of the Indian Tribe, as applicable.

61.     The Conference Report for the 2018 Farm Bill reflects Congress's continued intent to rebuild a domestic supply chain of hemp and hemp products by prohibiting islands of state prohibitions: "While states and Indian tribes may limit the production and sale of hemp and hemp products within their borders, the Managers, in Section 10122, agreed to not allow such states and Indian tribes to limit the transportation or shipment of hemp or hemp products through the state or Indian territory."  Conference Report for Agricultural Improvement Act of 2018, p. 739.

62.     This explicit protection for hemp and hemp products in interstate commerce would be rendered meaningless if individual states were permitted to criminalize certain hemp and hemp products and frustrate the overarching goal of the 2014 and 2018 Farm Bills, which is to treat hemp and hemp products like a commodity once again.

63.     Furthermore, the General Counsel for the USDA has authored a memorandum discussing the prohibition on states restricting the transportation or shipment of hemp,

concluding that any state law purporting to do so has been preempted by Congress. A true and accurate copy of the USDA Memorandum is attached as **Exhibit 1.**

64.     The overarching goal of treating hemp and hemp products like a commodity is further illustrated by the USDA specifically adding hemp to the Agricultural Technical Advisory Committee ("ATAC") for Trade in Tobacco, Cotton, and Peanuts.  There are a total of six (6) ATACs that advise the Secretary of Agriculture and the U.S. Trade Representative about a variety of agricultural trade matters.

65.     The 2018 Farm Bill required the USDA to issue regulations and guidelines for states to implement the relevant hemp portions of the 2018 Farm Bill as well as regulations and guidelines for states that choose not to regulate the production of hemp in their borders. The fact that a farmer could grow hemp under a federal license if a state chose not to create its own regulatory program demonstrates Congress' resolve to reestablish a domestic supply chain of hemp and hemp products. 7 U.S.C. § 1639r(a)(1)(A).

66.     According to the USDA's Final Rule, "produce" is a common agricultural term that means "[t]o grow hemp plants for market, or for cultivation for market, in the United States." 7 C.F.R. § 990.1.

67.     The Final Rule further demonstrated that the 2018 Farm Bill preserved the authority of individual states to regulate the act of producing hemp if they chose to do so (e.g. set back requirements, performance-based sampling), but individual states could not alter the definition of hemp or regulate in a manner that reaches beyond production. In other words, the 2018 Farm Bill permits states to regulate the production, i.e., cultivation, of hemp if they chose to do so, but nothing more.

68.     In short, the 2018 Farm Bill (1) broadly defined hemp as including all extracts and derivatives whether growing or not, (2) legalized all hemp products with a Delta-9 THC concentration of not more than 0.3 percent on a dry weight basis, (3) is agnostic on the manufacturing processes for finished hemp products, and (4) mandated that no state or Indian tribe could prohibit the transportation or shipment of hemp and hemp products in interstate commerce.

### Count I: Wyoming's SEA 24 is Unconstitutional

69.     Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

70.     In 2019, in response to the 2018 Farm Bill, Wyoming passed Act 110 ("Act 10") which decoupled hemp from marijuana by removing a broad definition of hemp including all such hemp containing not more than 0.3 percent of delta-9 THC on a dry weight basis from the State's Uniform Controlled Substances Act.[1]

71.     In the same legislation, Wyoming amended its hemp program to remove the requirement that a research plan be provided in order to obtain a hemp license, thus officially opening up a full commercial market.

72.     The hemp-derived cannabinoid market in Wyoming that has been built up since 2017 and operated smoothly for years is now threatened with extinction after Governor Gordon signed SEA 24, into law on March 7, 2024.

73.     SEA 24 impermissibly narrows the definition of hemp by recriminalizing popular hemp-derived cannabinoids. In fact, SEA 24 goes so far as to criminalize all hemp products "… made from that plant with no synthetic substance and with a THC

---

[1] A copy of Act 110 can be found at: https://www.wyoleg.gov/Legislation/2019/HB0171

concentration of not more than three-tenths of one percent (0.3%)" despite no such "synthetic" distinction permitted under federal law and no definition of "synthetic" provided under federal law.

74.     SEA 24 is so overly broad it criminalizes "structural, optical or geometric isomers of tetrahydrocannabinol." Because cannabidiol ("CBD") is an isomer of tetrahydrocannabinol, even CBD products that do not contain any THC would be made illegal to produce, manufacture, possess or sell.

75.     SEA 24 further interferes with the interstate transportation and shipment of hemp and hemp products in direct violation of the express language of the 2018 Farm Bill. On its face, if one cannot possess certain hemp and hemp products declared legal under federal law, then one cannot transport or ship it, either.

76.     SEA 24 attempts, but fails, to cure this defect by inserting the following opaque provisions:

> Notwithstanding the requirements of this chapter, the possession, sale, transportation and use of hemp and hemp products by any person is allowable except as provided in W.S. 11-51-103(f) and 14-3-310.

> W.S. § 11-51-102(b)

The reference to W.S. 11-51-103(f) stipulates that "No person or licensee shall

> (i)     Produce, process, or sell hemp or hemp products containing more than three tenths of one percent (0.3%) THC on a dry weight basis when using post-decarboxylation or another similarly reliable testing method;

> (ii)    Add, alter, insert or otherwise include any synthetic substance into hemp or hemp

14

products produced, processed, or sold in
accordance with this chapter.

These provisions confusingly limit what types of hemp and hemp products are permitted to
be transport through the state, in direct violation of the 2018 Farm Bill's unambiguous
interstate commerce protections.

77.     **INSERT PLAINTIFF(S)** order, transport, and ship hemp-derived cannabinoid
products like CBD and Delta-8 THC into and through Wyoming, either directly or through third-
party distributors. Under SEA 24, their employees face criminal liability for transporting and
shipping hemp products if they failed to demonstrate the products were "in continuous
transportation" and "produced in accordance with 7 U.S.C. § 16390 et seq."

78.     The 2018 Farm Bill does not allow states to place impediments to the
transportation of hemp that are conditional upon whether the products meet an arbitrary
definition of hemp adopted by an individual state.

79.     Federal law preempts SEA 24 that directly conflicts with the 2014 and then 2018
Farm Bill pursuant to the Supremacy Clause of the United States Constitution.  U.S. Const. art.
VI, cl. 2.

80.     Plaintiffs have been, and will be, harmed by SEA 24 as they will be unable to
transport, manufacture, possess, or sell hemp and hemp products declared legal under federal law
since 2014.

## Count II – Injunctive Relief

81.     Plaintiffs allege and incorporate by reference all allegations in the paragraphs
above.

82.     Plaintiffs are likely to succeed on the merits of their challenge to SEA 24 given that these laws plainly conflict with the 2018 Farm Bill.

83.     SEA 24 has, and will continue to, cause harm to Plaintiffs.

84.     Plaintiffs have no adequate remedy at law and face irreparable harm unless this Court enjoins SEA 24.

85.     The balance of harms weighs in favor of Plaintiffs.

86.     An injunction is in the public's interests, as the State of Wyoming is not permitted to ignore federal law or criminalize conduct that has been declared legal under federal law since 2014.

87.     Plaintiffs are entitled to a preliminary injunction, later to be made permanent, with respect to SEA 24.

## Count III – Declaratory Judgment for Violation of the 2018 Farm Bill

88.     Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

89.     An actual and justiciable controversy exists between Plaintiffs and the State of Indiana regarding lawfulness of hemp products.

90.     SEA 24 places Plaintiffs in jeopardy of criminal prosecution and precludes Plaintiffs from shipping, transporting, wholesaling, packaging, processing, and retailing hemp extract products deemed legal by federal law.

91.     Pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs request a declaration that SEA 24 violates the 2018 Farm Bill and is preempted by federal law.

92.     The 2018 Farm Bill legalized all hemp products with a Delta-9 THC concentration of not more than 0.3 percent on a dry weight basis and prohibited states from curtailing the transport and shipment of hemp or hemp products through interstate commerce.

93.     SEA 24 violates both of these aspects of the 2018 Farm Bill. It attempts to revise federal law to reclassify certain hemp-derived cannabinoids as illegal controlled substances and interferes with the free flow of interstate transportation and shipment of hemp products.

94.     SEA 24 imposes an impermissible narrower definition of hemp than mandated by the federal government in the 2018 Farm Bill, despite Congress's declaration that states are not permitted to modify the definition of hemp, and despite Wyoming's new definition having the effect of banning hemp production entirely. If states were permitted to selectively criminalize parts of the hemp plant, it renders the protections Congress provided to hemp and hemp products in the stream of commerce meaningless.

95.     Moreover, by carving certain hemp-derived cannabinoids out from the definition of hemp, SEA 24 attempts to adopt a definition that conflicts with the federal standard, which includes all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a Delta-9 THC concentration of not more than three-tenths of one percent (0.3%) on a dry weight basis (such as CBD).

96.     SEA 24 runs counter to the plain and unambiguous reading of the 2018 Farm Bill as well as its intent as evidenced by a letter from the then-Chairman of the House Agriculture Committee Congressman David Scott and the then-House Appropriations Subcommittee on Agriculture, Rural Development, Food and Drug Administration, and Related Agencies to the United States Department of Justice and the DEA:

Congress did not intend the 2018 Farm Bill to criminalize any stage of legal hemp processing, and we are concerned that hemp grown in compliance with a USDA-approved plan could receive undue scrutiny from the DEA as it is being processed into a legal consumer- facing product under this IFR. That is why the 2018 Farm Bill's definition of hemp was broadened from the 2014 Farm Bill's version to include derivatives, extracts and cannabinoids. It was our intent that derivatives, extracts and cannabinoids would be legal if these products were in compliance [with] all other Federal regulations.

A true and accurate copy of Congressmen's Scott and Bishop, Jr.'s letter is attached as **Exhibit 2**.

97.    SEA 24 is also in direct conflict with the DEA's own determinations that CBD, Delta-8 THC, and every other hemp-derived cannabinoid product with no more than 0.3 percent Delta-9 THC on a dry weight basis is considered hemp and not a controlled substance under federal law.

98.    On June 24, 2021, during a recorded Florida Department of Agriculture and Consumer Services webinar, DEA representative Sean Mitchell stated:

I also just want to expand beyond delta-8. There's delta-8, there's delta-10, there's all kind of different uh cannabinoids that uh are associated with cannabis sativa I that are kind of out there and making the rounds. So what I want to say, and I'll be very, very deliberate and clear. At this time, I repeat again, at this time, per the Farm Bill, the only thing uh that is a controlled substance is delta-9 THC greater than 0.3% based on a dry weight basis.

99.    On August 19, 2021, the Alabama Board of Pharmacy requested the control status of Delta-8 THC under the Controlled Substances Act. On September 15, 2021, the DEA

concluded that "... cannabinoids extracted from the cannabis plant that have a delta 9 -THC concentration of not more than 0.3 percent on a dry weight basis meet the definition of 'hemp' and thus are not controlled under the CSA." Furthermore, according to the response, the DEA considers unlawful "synthetic" THC products to be those that are "produced from non-cannabis materials."

100.     Furthermore, outside of public statements and responses, DEA's official promulgations in the Federal Register, at 21 C.F.R. § 1308.11(31)(ii), declares that: "(ii) Tetrahydrocannabinols does not include any material, compound, mixture, or preparation that falls within the definition of hemp set forth in 7 U.S.C. 16390."

101.     In addition, by criminalizing hemp derivatives like Delta-8 THC and CBD, SEA 24 prohibits the transport of hemp products in and through Wyoming in direct contradiction of Section 10114 of the 2018 Farm Bill.

102.     Federal law preempts SEA 24 that is in conflict with the 2018 Farm Bill pursuant to the Supremacy Clause of the Constitution of the United States and conflicts of laws principles. U.S. Const. art. VI, cl. 2.

103.     Plaintiffs have been, and will be, harmed by SEA 24, as they are unable to transport, manufacture, possess, or sell hemp products that have been declared to be legal under federal law.

### Count IV Declaratory Judgment for Violation of the Commerce Clause

104.     Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

105.     As explained above, hemp-derived cannabinoids, such as CBD, are hemp products declared legal by the 2018 Farm Bill.

19

106.    SEA 24's prohibition on the possession of hemp products like CBD is a substantial burden on interstate commerce in violation of the Commerce Clause of the Constitution of the United States as these are legal hemp products under federal law. U.S. Const. art. I, § 8, cl. 3.

107.    Plaintiffs have been, and will be, harmed by SEA 24, as they are unable to transport in and through Wyoming hemp-derived cannabinoids products that have been declared legal under federal law.

## Count V Void for Vagueness

108.    Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

109.                    The Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution prohibit criminal enforcement of statutory and regulatory requirements that are unconstitutionally vague and do not give fair warning of their requirements. U.S. Const. Amend. V, XIV.

75. For instance, SEA 24 bans hemp containing any "synthetic substance," a term which is overly broad that incorporates "non 'psychoactive substances'" like CBD that contains no THC.

76. SEA 24 is further void for vagueness because "any psychoactive structural, optical, or geometric isomers of tetrahydrocannabinol" is over overly broad, and can include many isomers of THC that are not psychoactive whatsoever like THC-V.

77. SEA 24 fails to give a person of ordinary intelligence fair notice as to what

20

contemplated conduct is forbidden and what is permitted with regard to the possession, transportation, and shipment of the products it seeks to ban. Plaintiffs and the end-users in the stream of commerce will be left to guess at the meaning of the new law. "A 'provision is not unconstitutionally vague if its wording can reasonably be said to provide sufficient notice to a person of ordinary intelligence that his conduct was [contrary to the rules].' *Guilford v. State*, 2015 WY 147, ¶ 15, 362 P.3d 1015, 1018 (Wyo. 2015)." *Neely v. Wyo. Comm'n on Judicial Conduct & Ethics*, 2017 WY 25, ¶ 54, 390 P.3d 728, 746 (Wyo. 2017).

WHEREFORE, Plaintiffs respectfully request that the Court:

(a) Set this matter for a prompt hearing on Plaintiffs' request for preliminary injunctive relief;

(b) Enter judgment in their favor and against DEFENDANTS;

(c) Declare SEA 24 null and void because it is preempted by the 2014 Farm Bill and the 2018 Farm Bill and violate the United States Constitution;

(d) Issue a preliminary injunction, later to be made permanent, enjoining Wyoming from enforcing SEA 24;

(e) Award Plaintiffs their costs and attorneys' fees incurred in bringing this action; and

(f) Award Plaintiffs all other just and proper relief.

**SIGNATURES OF NEXT PAGE**

Respectfully submitted this 28th day of June, 2024.

Donna D. Domonkos WSB # 5-2981

Brittany Thorpe WSB# 7-6490
DOMONKOS & THORPE, LLC.
1914 Logan Ave
Cheyenne, Wyoming 82001
(307) 426-5015

22